NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM HAEMMERLE,                    :
                                           Civil Action No. 12-1265 (ES)
              Petitioner,       :

              v.                :     **OPINION**

CHARLES E. ALBINO, et al.,      :

              Respondents.      :

APPEARANCES:

Petitioner pro se
William Haemmerle
New Jersey State Prison
Trenton, NJ 08625

SALAS, District Judge

        This matter is before the Court on Petitioner William

Haemmerle's Petition for habeas corpus relief under 28 U.S.C.

§ 2254.  For the reasons set forth below, the Court orders

Petitioner to show cause why his Petition should not be dismissed

without prejudice for failure to exhaust state remedies.

                    I.   BACKGROUND

        According to the allegations contained in the Petition,

Petitioner was convicted on May 10, 2004, in the Superior Court

of Hudson County, Trial Division, for reckless manslaughter.  As

a result of his conviction, Petitioner was sentenced to a term of

ten years imprisonment, which was to be followed by three years of supervised release.

Petitioner alleges that he maxed out on his term of imprisonment on July 23, 2010, and was released to serve his term of supervised release.  Petitioner alleges that on September 20, 2011, he was returned to prison for violating the terms of his supervised release.  Through his Petition, Haemmerle seeks to be released from prison so that he may continue with his supervised release.  According to Petitioner, he has neither appealed nor challenged in state court the revocation of his supervised release.

## II.  ANALYSIS

### A.  Exhaustion of State Remedies

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ...."  28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

2

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  <u>See</u> <u>Granberry v. Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  <u>Rose</u>, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  <u>See, e.g.</u>, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); <u>Ross v. Petsock</u>, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  <u>See Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Castille v. Peoples</u>, 489 U.S. 346, 350 (1989).

3

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Here, Petitioner affirms that he has not pursued any available State court remedies based upon the revocation of his supervised release.  Further, Petitioner has neither asserted nor demonstrated an absence of available state corrective processes or existing circumstances that would render such processes ineffective.  Before exhaustion will be excused on that basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.  The Court notes that New Jersey prisoners generally have a right to judicial review of decisions of the New Jersey State Parole Board.  See N.J. Court Rule 2:2-3(a)(2).

As a matter of comity, the Court finds that it is best left to the New Jersey courts to determine if they can still entertain Petitioner's unexhausted claims.  District courts should dismiss petitions containing unexhausted claims in the absence of a state

4

court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  See Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  Because no state court has concluded that Petitioner is procedurally barred from raising his unexhausted claims, and because New Jersey law does not clearly require a finding of default, this Court is not prepared to presume that Petitioner's claims would be barred.

Alternatively, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused."  Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987), cert. denied, 484 U.S. 946 (1987).  However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are

appropriate." Id. at 186.  "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

For the foregoing reasons, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

B.    "Mason" Notice

This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify federal habeas petitioners of certain consequences of filing a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give such petitioners an opportunity to file one all-inclusive § 2254 petition.

Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the challenged judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).

6

Accordingly, to the extent Petitioner responds that the Petition should not be dismissed for failure to exhaust state remedies, he will also be ordered to advise the Court (a) whether he wants this Petition ruled upon as filed or (b) whether he wishes to withdraw the pending Petition and file one all-inclusive § 2254 petition, subject to the one-year statute of limitations.

If Petitioner chooses option (a) above, and the Petition is not dismissed without prejudice for failure to exhaust state remedies, then Petitioner will lose the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

### III.  CONCLUSION

For the foregoing reasons, Petitioner will be ordered to show cause why his Petition should not be dismissed without prejudice for failure to exhaust state remedies.  An appropriate Order follows.

Esther Salas
United States District Judge

DATED:  8/17/12